**VILLAGE OF NEW ROME, Appellee,**

v.

**EDWARDS, Appellant.**

[Cite as *New Rome v. Edwards* (1994), 96 Ohio App.3d 438.]

Court of Appeals of Ohio,
Franklin County.

No. 94APC03–326.

Decided Aug. 16, 1994.

*Ronald J. O'Brien,* City Attorney, *David M. Buchman,* City Prosecutor, and *Brenda J. Keltner,* for appellee.

*Jenny Edwards,* for appellant.

---

BOWMAN, Judge.

Appellant, John E. Edwards, was stopped outside the village of New Rome for a traffic offense that was alleged to have been committed in New Rome. The officer stated he stopped the van because it did not have commercial tags; an aluminum extension ladder and some two-by-fours were tied to the top of the van; and he "could see through the back of the van and see shelving with what appeared to be tools and materials on the shelving through the van."

Appellant was arrested, handcuffed and taken to jail, where he was required to post a $300 bond. As a result of the search of the van, including appellant's partially closed briefcase, appellant was charged with a violation of New Rome Ordinance 505.03, failure to transfer a certificate of title; Ordinance 503.05, operating a commercial vehicle while displaying non-commercial license plates; and Ordinance 549.08(C), using license tags registered to another vehicle.

Appellant filed a motion to suppress based on lack of probable cause for the stop, which was overruled by the trial court. Appellant entered a plea of no contest to a charge of failing to properly transfer a certificate of title, and the remainder of the charges was dismissed. Appellant sets forth the following assignment of error:

"The trial court erred in overruling defendant's motion to suppress evidence."

Appellee concedes that the trial court erred in overruling the motion to suppress.

R.C. 4501.01(J) defines a "commercial car" as "any motor vehicle having motor power designed and used for carrying merchandise or freight, or used as a commercial tractor." The officer offered no description of the vehicle driven by appellant, other than it was a 1977 Chevrolet van. Photos referred to by the officer during his testimony were not admitted and are not part of this record. There is no evidence in the record that the vehicle driven by appellant was

designed and used for carrying freight or merchandise, or that it was a commercial tractor. The Ohio Revised Code contains no other definition of a "commercial-type vehicle" which would appear to apply to the one driven by appellant, and appellee has not provided any other definition to this court. A police stop of a motor vehicle for purposes of investigating possible criminal activity is a "seizure" within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution. For an investigative motor vehicle stop to be constitutionally permissible, the police officer making the stop "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" a belief that an individual in the automobile is in violation of the law. *Terry v. Ohio* (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906. Based on the minimal facts in the record, we find that the mere presence of a ladder tied to the top of a van with tools inside the van was an insufficient basis for the officer to stop the vehicle. Therefore, appellant's assignment of error is sustained, the judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and PEGGY BRYANT, JJ., concur.