The STATE of Ohio, Appellee,

v.

PRINGLE, Appellant.

[Cite as *State v. Pringle* (1998), 128 Ohio App.3d 740.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 97–L–199.

Decided June 29, 1998.

*Sandra A. Dray*, for appellee.

*Geoffrey C. Hanahan*, for appellant.

———

NADER, Judge.

In this case, a highway patrolman stopped appellant, Mark Pringle, for operating a commercial vehicle without displaying commercial license plates, and he discovered that appellant was also driving while intoxicated. Appellant filed a motion to suppress, arguing that the trooper had an insufficient basis to stop his vehicle. At the hearing on the motion, the trooper testified that he noticed that appellant was driving a "panel van," meaning that there were no windows on its sides, that there was a construction rack on top of the vehicle, and that, by driving behind the vehicle and looking through the rear windows, he could see an interior rack from which cables, electrical cords, and other tools were hanging. He said that the interior rack looked as if it was designed to hold these tools and other miscellaneous equipment. The trooper testified that "it was very obvious— at least in my professional opinion—it was a construction vehicle." Because the van displayed passenger plates in violation of R.C. 4503.05, the trooper stopped appellant to issue him a citation. The trial court overruled appellant's motion to suppress, after which appellant entered a no contest plea on charges of DUI, operating a commercial vehicle without proper plates, and having an open container. Two other charges were dismissed, and the trial court found appellant guilty. The sole assignment of error asserts that the trial court wrongly denied the suppression motion.

Police officers need a reasonable suspicion that a motorist is violating some traffic law in order to validly stop the motorist for the limited purpose of issuing a traffic citation. *State v. Mueller* (Apr. 28, 1997), Geauga App. No. 96–G–1991, unreported, at 3, 1997 WL 203652; *State v. Yemma* (Aug. 9, 1996), Portage App. No. 95–P–0156, unreported, at 5, 1996 WL 495076. The trooper's observations of appellant's van would lead a reasonable person to conclude that appellant was not using his van as a passenger vehicle, but was, in fact, using his van for commercial purposes. Using a registered passenger vehicle for commercial purposes is a violation of R.C. 4503.05.

This case is distinguishable from *New Rome v. Edwards* (1994), 96 Ohio App.3d 438, 645 N.E.2d 135. There, the police officer did not describe the van in question, stating only that he saw an aluminum extension ladder strapped to the top and several two by fours in the interior. In light of the inadequate record, the appellate court could not say that he had a reasonable basis to conclude that

the van was not a passenger vehicle. Here, the highway patrolman described appellant's van as having no side windows, as is customary for cargo-type vans, and also offered his professional opinion that it was a construction vehicle. It could well have been that the vehicle in *New Rome* was a passenger van that was temporarily recruited to haul equipment and material necessary for a home improvement project. The exterior and interior racks on the van in this case make it more obvious that it was being used regularly for commercial purposes.

We also note that the trooper testified that when he ran a computer check of the plates from his cruiser, he discovered that the passenger plates were registered to a 1987 Chevrolet station wagon. "[T]he fact that the license plate registration did not match the vehicle being driven by appellant also provided an adequate basis to stop his [vehicle]." *State v. Hawthorne* (Mar. 16, 1994), Lawrence App. No. 93–CA–30, unreported, 1994 WL 90407, at *2. This is so because "[a] reasonably prudent person would infer that either the car was stolen, the tags were stolen, the tags were fictitious, or that the owner had deliberately or inadvertently put the wrong plates on the car. * * * [Under these circumstances], it was entirely reasonable for the officer to make the initial investigatory stop." *State v. Lambert* (Mar. 24, 1994), Lawrence App. No. 93 CA 28, unreported, 1994 WL 116613, at * 2.

Because there were two independent reasons to justify the stop, the violation of R.C. 4503.05 and the discrepancy with the license plates, the court's judgment overruling the motion to suppress is affirmed.

*Judgment affirmed.*

FORD, P.J., and WILLIAM M. O'NEILL, J., concur.